# EXHIBIT D

**GOLDBERG SEGALLA LLP**
Rosa D. Forrester, Esq. (ID No. 906482012)
<u>Mailing Address:</u> **P.O. Box 847, Buffalo, NY 14201**
1037 Raymond Boulevard, Suite 1010
Newark, New Jersey 07102-5423
Phone | (973) 681-7000/Fax | (973) 681-7101
*Attorneys for Defendant, Lowe's Home Centers, LLC*

| | |
|---|---|
| ROSE ANN KEVE and RICHARD KEVE,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC.;<br>JOHN DOE(S) 1-10 and/or XYZ CO(S) 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>OCEAN COUNTY:  LAW DIVISION<br>DOCKET NO.:  OCN-L-3329-21<br><br>Civil Action<br><br>**LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, CROSS-CLAIMS, SEPARATE DEFENSES, DEMAND FOR WRITTEN STATEMENT OF DAMAGES, INTERROGATORIES, DEMAND FOR PRODUCTION OF DOCUMENTS, AND R. 4:5-1 CERTIFICATION** |

Defendant, Lowe's Home Centers, LLC (hereinafter referred to as the "Answering Defendant" and/or "Lowe's"), by way of Answer to Plaintiff's Second Amended Complaint (hereinafter referred to as "Complaint"), states as follows:

### FIRST COUNT

1. Answering Defendant denies, but avers that Lowe's operated a retail location at 1053 Route 70.

2. The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Answering Defendant denies each and every allegation contained in Paragraph 3 of the Complaint.

4. Answering Defendant denies each and every allegation contained in Paragraph 4 of the Complaint.

1

**WHEREFORE**, the Answering Defendant demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice, together with an award of attorney's fees and costs of suit.

## SECOND COUNT

1. The Answering Defendant repeats and reiterates each of its responses to the allegations set forth under the First Count of the Complaint as if the same were set forth at length herein.

2. The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Answering Defendant denies each and every allegation contained in Paragraph 3 of the Complaint.

**WHEREFORE**, the Answering Defendant demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice, together with an award of attorney's fees and costs of suit.

                                      **GOLDBERG SEGALLA LLP**
                                      *Attorneys for Defendant, Lowe's Home Centers, LLC*

By: /s/ Rosa D. Forrester
                                         Rosa D. Forrester, Esq.

Dated: February 8, 2022

32308672.v1

## REQUEST OF ALLOCATION

If any defendant settles prior to verdict, the Answering Defendant shall seek an allocation of negligence and/or fault against any such settling defendant. The Answering Defendant will seek this allocation whether or not the Answering Defendant has formally filed a crossclaim against the settling defendant(s). The Answering Defendant shall rely upon all evidence, including the direct and cross-examination of Plaintiff and Plaintiff's expert witnesses and any and all other witnesses at the time of trial in support of this allocation and specifically reserves the right to call any and all such witnesses. All parties are being apprised of this pursuant to the position of the Court in Young v. Latta, 123 N.J. 584 (1991) and subsequent legal authority.

above-entitled action.

## CROSSCLAIM FOR CONTRIBUTION

Answering Defendant demands contribution from all co-defendants, under the provisions of the New Jersey Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-1, et seq.

## CROSSCLAIM FOR COMMON LAW INDEMNIFICATION

While Answering Defendant denies any negligence or legal duty in this case, in the event Answering Defendant are adjudged responsible, such liability would be solely vicarious, imputed, secondary, or technical, while the negligence of all co-defendants, would be the active and primary basis for plaintiff's alleged injuries or damages.

WHEREFORE, Answering Defendant demands judgment for common law indemnification against, all co-defendants, plus interest and costs of suit.

## CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION

While Answering Defendant, denies any negligence or legal duty in this case, in the event Answering Defendant are adjudged responsible, such liability would be solely vicarious, imputed, secondary, or technical, while the negligence of all co-defendants, would be the active and primary basis for plaintiff's alleged injuries or damages and, further, co-defendants' have breached a contractual obligation to defend and indemnify Answering Defendant.

WHEREFORE, Answering Defendant demands judgment for common law and/or contractual indemnification against, all co-defendants, plus interest and costs of suit.

## ANSWER TO CROSSCLAIMS/COUNTERCLAIMS

Answering Defendant hereby denies all allegations contained in any and all Crossclaims/Counterclaims filed against it by any and all Co-Defendants and/or Plaintiff. This includes any and all Co-Defendants and/or Plaintiff that may make claims subsequent to this Answer.

**WHEREFORE**, this defendant demands that any and all cross-claims be dismissed with prejudice and without costs.

## JURY DEMAND

Please take notice that demand is hereby made for trial by jury of six (6) on all issues so triable.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim against the Answering Defendant upon which relief can be granted.

4

32308672.v1

**SECOND SEPARATE DEFENSE**

At the time and place mentioned in the Complaint, the Answering Defendant was not guilty of any negligence, whether by act of commission or omission, which was a proximate cause of the alleged accident, injuries, and damages of which Plaintiff complains.

**THIRD SEPARATE DEFENSE**

Plaintiff's claims against the Answering Defendant are barred by Plaintiff's contributory negligence pursuant to N.J.S.A. 2A:15-5.1.

**FOURTH SEPARATE DEFENSE**

The claims of Plaintiff set forth in the Complaint are barred, in whole or in part, by Plaintiff's comparative negligence pursuant to the statutes of the state of New Jersey.

**FIFTH SEPARATE DEFENSE**

The injuries or damages complained of by Plaintiff were proximately caused by the actions, omissions, or negligence of third parties over whom the Answering Defendant had no direction, control, nor right of control.

**SIXTH SEPARATE DEFENSE**

At the time and place mentioned in the Complaint, the Answering Defendant did not owe any duty to Plaintiff and/or violated no legal duty owing by the Answering Defendant to Plaintiff.

**SEVENTH SEPARATE DEFENSE**

While denying the allegations of Plaintiff with respect to liability, injuries, and damages, to the extent that Plaintiff may be able to prove the same, such liability, injuries, and damages were the result of intervening and/or superseding acts on the part of parties over whom the Answering Defendant had neither direction, control, nor right of control.

## EIGHTH SEPARATE DEFENSE

Plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident or conditions about which Plaintiff complains in the Complaint.

## NINTH SEPARATE DEFENSE

The incident, injuries, and damages complained of were proximately caused or contributed to by third persons not parties to this litigation. The liability of the Answering Defendant, if any, and the right of Plaintiff to recover in this litigation can only be determined by determining the percentages of liability of all parties to the incident, whether or not such entities or individuals are parties to this litigation. Accordingly, the Answering Defendant seeks an adjudication of the percentage of fault of any other defendant, of Plaintiff, and of each and every other person or entity whose fault contributed to the alleged incident, injuries, and damages.

## TENTH SEPARATE DEFENSE

The Answering Defendant was not guilty of any negligence, wrongdoing, carelessness, or breach of duties as contended by Plaintiff.

## ELEVENTH SEPARATE DEFENSE

Discovery may show that Plaintiff's damages, if any, are limited, in whole or in part, by Plaintiff's failure to mitigate.

## TWELFTH SEPARATE DEFENSE

The Answering Defendant claims credit for all collateral sources from which Plaintiff has or shall receive benefits.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are limited by virtue of N.J.S.A. 2A:15-5.1, in that the negligence of the plaintiff or plaintiff's insured was equal to or greater than that of this defendant.

32308672.v1

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint does not describe the claim made against this defendant with sufficient particularity to enable it to determine what defenses may apply in response to plaintiff's claim. This defendant, therefore, reserves the right to assert all defenses which may be pertinent once the precise nature of the claim at issue is ascertained through discovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

In the event plaintiff is entitled to receive benefits for injuries and/or damages from any source other than a joint tortfeasor or a life policy, such benefits shall be deducted from any award rendered herein pursuant to N.J.S.A. 2A:15-97.

## SIXTEENTH AFFIRMATIVE DEFENSE

This defendant adopts, incorporates herein and asserts each and every defense asserted by any other defendant presently or hereinafter joined.

**WHEREFORE**, the Answering Defendant demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice, together with an award of attorney's fees and costs of suit.

**GOLDBERG SEGALLA LLP**
*Attorneys for Defendant, Lowe's Home Centers, LLC*

By: _____
Rosa D. Forrester, Esq.

Dated: February 8, 2022

## **DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, Rosa D. Forrester, Esq. is hereby designated as trial counsel for the Answering Defendant in this matter.

           **GOLDBERG SEGALLA LLP**
           *Attorneys for Defendant, Lowe's Home Centers, LLC*

By: _____
      Rosa D. Forrester, Esq.

Dated: February 8, 2022

## DEMAND FOR RESPONSES TO FORM A. UNIFORM INTERROGATORIES

Pursuant to R. 4:17-1(b)(i) and (ii), written demand is hereby made upon Plaintiff for the service of answers to Uniform Interrogatories, Form A, contained in Appendix II, Interrogatory Forms, of the New Jersey Rules Governing the Courts of the State of New Jersey, as amended. Said responses shall be served upon the undersigned counsel within the time period prescribed in the *Rules of Court*.

        **GOLDBERG SEGALLA LLP**
        *Attorneys for Defendant, Lowe's Home Centers, LLC*

By: _____
        Rosa D. Forrester, Esq.

Dated: February 8, 2022

## DEMAND FOR WRITTEN STATEMENT OF DAMAGES

The Answering Defendant hereby demands that Plaintiff, pursuant to R. 4:5-2, within five (5) days after service hereof, furnish to the undersigned attorneys a written statement as to the amount of damages claimed by Plaintiff.

        **GOLDBERG SEGALLA LLP**
        *Attorneys for Defendant, Lowe's Home Centers, LLC*

By: _____
        Rosa D. Forrester, Esq.

Dated: February 8, 2022

## DEMAND FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

1. Copies of all bills, statements, or invoices, paid or unpaid, rendered by any person or entity, for charges of physicians, surgeons, therapists, hospitals, x-rays, laboratories or other institutions, for services rendered or medicines, drugs, or appliances furnished on account of bodily injuries Plaintiff claims to have sustained in the April 1, 2019 accident referred to in Plaintiff's Amended Complaint (the "Accident").

2. Copies of all reports filed and/or completed concerning the Accident, including but not limited to any Police or other municipal, County, State, or Federal investigative reports.

3. Copies of any and all statements, signed or unsigned, written, oral, or transcribed, that were taken or given by Plaintiff, or any employee or representative of the Answering Defendant concerning the Accident.

4. Copies of all reports or statements made by Plaintiff to his insurance carrier, or any of the insurance carrier's agents, concerning the Accident.

5. Copies of any and all reports, notes, and records prepared by any physicians, hospital or healthcare provider who has examined, evaluated, and/or treated Plaintiff for injuries allegedly sustained as a direct result of the Accident.

6. Copies of any and all bills, reports, notes, and records prepared by any physicians, hospitals, or healthcare providers who have examined, evaluated, and/or treated Plaintiff for injuries sustained by him prior to or subsequent to the Accident to the parts of the body Plaintiff claims to have injured in the Accident.

7. If Plaintiff is asserting an economic damages claim, copies of Plaintiff's Federal Income Tax Returns for the years 2018, 2019, and 2020.

8. If Plaintiff is asserting an economic damages claim, copies of all books, documents, or other records showing income from any source to Plaintiff for the years 2018, 2019, 2020, and 2021.

9. If Plaintiff is asserting an economic damages claim, copies of W-2s or other forms transmitted by all employers or by other persons or entities and reflecting payments made to Plaintiff for the years 2018, 2019, 2020, and 2021.

10. Copies of any and all photographs and videos from Plaintiff's Social Media Sites (hereinafter defined) that are relevant to the subject involved in this action, including the Accident, Plaintiff's injuries, limitations of Plaintiff resulting from his alleged injuries, or any other claimed damages. This includes photographs and videos posted, uploaded, or otherwise added by others in which Plaintiff has been tagged or otherwise identified therein. "Social Media Sites" refer to Internet-based social media websites and/or services including but not limited to Facebook, Twitter, LinkedIn, Instagram, and TikTok.

11. Copies of any profiles, postings, and messages (including but not limited to status updates, wall comments, activity streams, blog entries, instant messages, or tweets) from any Social

10

      Media Site that reveal, refer, or relate to the Accident, Plaintiff's physical and emotional condition (including but not limited to the physical and emotional injuries he claims to have sustained in the Accident), and/or Plaintiff's claim for loss of earnings and/or earning capacity, if any.

12. Documents and communications related to any Social Security Disability, long term disability, or short term disability claim that Plaintiff has ever filed.

13. Please provide our office with a completed and signed Social Security Earnings Information Form, a copy of which can be found at the following link: https://www.ssa.gov/forms/ssa-7050.pdf.

14. Copies of all photographs of Plaintiff's injuries, the scene of the accident, or any other relevant photographs or videos.

                                    **GOLDBERG SEGALLA LLP**
                                    *Attorneys for Defendant, Lowe's Home Centers, LLC*

                          By: _____
                                Rosa D. Forrester, Esq.

Dated: February 8, 2022

**CERTIFICATION PURSUANT TO R. 4:5-1**

I, the undersigned attorney for Defendant, Lowe's Home Centers, LLC ("Lowe's"), in accordance with R. 4:5-1, certify that to the best of my knowledge, the matter in controversy in the above-captioned action is not the subject of any other action pending in any court or any pending arbitration proceeding and that no such action or arbitration proceeding is contemplated by Lowe's.

I am not aware of any non-party who should be joined in this action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Rosa D. Forrester, Esq.

Dated: February 8, 2022

32308672.v1